RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Mario Lopez a/k/a Bonifacio Solis Guzman,

                    Plaintiff,

     --against –

695 Leon Bakery, Inc., Klever Leon, as an individual,

                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**18-CV-12365**

      Plaintiff MARIO LOPEZ a/k/a BONIFACIO SOLIS GUZMAN ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, 695 LEON BAKERY, Inc., and KLEVER LEON, as an individual, ("Defendants") alleges:

## NATURE OF THE ACTION

1.     This action seeks to recover minimum wage and overtime pay and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") and Wage Theft Prevention Act ("WTPA") on behalf of plaintiff, who was employed by defendants.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and overtime pay.

## JURISDICTION

3. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because defendants are located in the Southern District of New York, and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed Plaintiff as a food preparer, dishwasher, cleaner, and occasional delivery person from June 15, 2013 through September 14, 2018.

8. During this time, Plaintiff's duties were to sweep the floors, wash the dishes, clean the restaurant, prepare food, prepare deliveries, and occasionally deliver the food.

9. Plaintiff was not exempt from the FLSA based on his duties.

10. Plaintiff did not supervise any employees.

11. Plaintiff was paid a fixed amount of $500 (plus tips for deliveries) every week for all hours

worked.

12. Plaintiff was not exempt under the FLSA or NYLL.

13. Plaintiff worked more than 40 hours per week.

14. More specifically, Plaintiff reported to work from 10:00am to 9:00pm, usually seven days per week.  Although Plaintiff was supposed to have Wednesdays off, he was often called in to work on Wednesdays.

15. Consequently, Plaintiff worked approximately 66 to 77 hours per week.

16. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

17. Defendant 695 LEON BAKERY, Inc. is a New York domestic business corporation located at 695 Ninth Avenue, New York, New York, in the Southern District of New York, with its principal executive office located at 708 West 177th Street, New York, New York, in the Southern District of New York.

18. Defendant 695 LEON BAKERY, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person including, bread, flour, beans, guacamole, sour dip, cheese, nachos, chicken, beef, napkins, soda, and other food and dry goods; and (2) revenues in excess of $500,000 per year.

19. Defendant 695 LEON BAKERY, Inc. is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

20. Defendant is a restaurant and is covered under the New York Hospitality Wage Order.

21. At all relevant times, Defendant 695 LEON BAKERY, Inc. has maintained control, oversight, and direction over plaintiff.

22. Defendant KLEVER LEON is a principal and manager for the corporate defendant. He exercises sufficient control over the corporate defendant's operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices for the corporate defendants.

23. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME PAY**

24. Defendants paid Plaintiff less than the minimum wage for hours he was permitted to or suffered to work.

25. Defendants suffered or permitted plaintiff to work over 40 hours per week, and Defendants did not compensate plaintiff for premium pay at time and one-half of the basic minimum hourly wage for the overtime hours plaintiff worked.

**DEFENDANTS' VIOLATIONS OF THE
WAGE THEFT PREVENTION ACT**

26. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

27. Defendants failed to furnish plaintiff with proper wage notices as required by §195(1) of the

Labor Law.

28. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

29. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act- Unpaid Minimum Wage)**

30. Plaintiff realleges, and incorporates by reference, all allegations previously set forth herein.

31. At all times relevant, plaintiff was an employee within the meaning of the FLSA.

32. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

33. Defendants have failed to pay plaintiff minimum wages to which plaintiff is entitled under the FLSA for all hours worked.

34. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

35. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

36. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by

being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

37. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

38. Defendants have failed to pay plaintiff premium overtime pay to which plaintiff is entitled under the FLSA for all hours worked in excess of 40 hours per workweek.

39. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

40. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

41. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION
### (New York Labor Law-Unpaid Overtime)

42. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

43. Defendants have violated the NYLL, as detailed in this Complaint.

44. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

45. Defendants have failed to pay plaintiff minimum wages to which plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked.

46. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

47. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post- judgment interest.

### FOURTH CAUSE OF ACTION
### (Overtime Wages under the NYLL)

48. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

49. Defendants have failed to pay plaintiff overtime wages, at the rate of time and one half of plaintiff's basic minimum hourly wage, to which plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked.

50. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

51. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from

defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post- judgment interest.

## FIFTH CAUSE OF ACTION
### (Wage Theft Prevention Act-Failure to Provide Wage Notices)

52. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

53. Defendants have willfully failed to supply plaintiff with a proper wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

54. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### SIXTH CAUSE OF ACTION
### (Wage Theft Prevention Act-Failure to Provide Wage Notices)

56. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

57. Defendants did not furnish Plaintiff with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

58. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### DEMAND FOR JURY TRIAL

59. Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

    b. declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

    c. declaring that defendants have violated the Wage Theft Prevent Act;

    d. declaring that defendants' violations of the FLSA were willful;

    e. declaring that defendants' violations of the NYLL were willful;

    f. awarding plaintiff damages for all unpaid wages;

g.	awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h.	awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, for the WTPA violation set forth in NYLL § 195(1), as provided for by NYLL § 198(1-b);

i.	awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, for the WTPA violation set forth in NYLL§ 195(3), as provided for by NYLL § 198(1-d);

j.	issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.,* NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

k.	awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

l.	granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

m.	awarding plaintiff reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n.	awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
       December 31, 2018

                Raymond Nardo, P.C.

                By: _____
                 RAYMOND NARDO, ESQ.

                129 Third Street
                Mineola, NY 11501
                raymondnardo@gmail.com
                (516) 248-2121
                *Attorney for Plaintif*